# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-115V

| | |
|---|---|
| JULI-RAE REEVES, as Parent and Legal Representative of her Minor Son, N.J.R., <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: December 5, 2024 |

*Elizabeth Martin Muldowney, Sands Anderson PC, Richmond, VA*, for Petitioner.

*Emily Hanson, U.S. Department of Justice, Washington, DC*, for Respondent.

### RULING ON ENTITLEMENT[1]

On January 26, 2024, Juli-Rae Reeves ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act") on behalf of N.J.R., a minor child. Petitioner alleges that N.J.R. suffers from idiopathic thrombocytopenia purpura ("ITP") as a result of the diphtheria, tetanus, and acellular pertussis ("DTaP"), inactivated polio ("IPV"), and/or measles, mumps, rubella, and varicella ("MMRV") vaccines administered to N.J.R. on April 2, 2021. Petition at 1. Petitioner further alleges Petitioner further alleges that N.J.R. suffered the residual effects of his injury for more than six months, and that there has

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

been no prior award or settlement of a civil action on his behalf as a result of his injury. *See* Petition at ¶¶ 28-29. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 4, 2024, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that

> [i]t is respondent's position that petitioner has satisfied the criteria set forth in the Table and the Qualifications and Aids to Interpretation ("QAI") for ITP following the administration of vaccines containing measles, mumps, and rubella virus or any of its components, including the MMRV vaccine. *See* 42 C.F.R. §§ 100.3(a)(III), (IV), and (V), 100.3(c)(7). Additionally, based on the medical records outlined above, N.J.R. suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D)(i).

*Id.* at 5.

In view of Respondent's position and the evidence of record, I find that **Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master